Case 4:25-cv-00024   Document 10   Filed on 04/07/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
April 07, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ARTURO FLORES and ROSA FLORES, § | |
| § | |
| Plaintiffs, § | |
| v. § | CIVIL ACTION NO. 25-00024 |
| § | |
| RANDALL'S FOOD AND DRUGS, LP, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND OPINION**

This is a personal injury case. Arturo Flores alleges that beginning in 2007, he worked at the Randall's Food & Drug LP distribution center in Roanoke, Texas. (Docket Entry No. 3 at 2). He alleges that during his employment, he "unknowingly suffered from chronic exposure to chemicals that eventually. resulted in a cancer diagnosis." (*Id*.). Flores and his wife sued Randall's Food & Drugs LP in Texas state court, alleging a breach of the duty to provide a safe workplace. (*Id*.). Randall's Food & Drugs LP removed to federal court on the basis of diversity of citizenship. (Docket Entry No. 3-3). Flores has moved to remand, arguing that Randall's Food & Drugs LP is a Texas citizen for the purposes of 28 U.S.C. § 1332(a). (*Id*. at 5). Because the record shows that Randall's Food & Drug LP is not a Texas citizen, the motion to remand is denied. (Docket Entry No. 3).

Federal court jurisdiction is limited by the Constitution and federal statutes. See *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (*citing Willy v. Coastal Corp*., 503 U.S. 131, 136–137, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992)). Without subject-matter jurisdiction, a federal court simply has no authority to decide the case. The

removing party, the party invoking federal jurisdiction, has the burden of proving that federal jurisdiction is present to defeat a motion to remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) ("[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court."). Because removal jurisdiction raises significant federalism concerns, *Beiser v. Weyler*, 284 F.3d 665, 672 (5th Cir. 2002), any "ambiguities are to be construed against removal." *Manguno*, 276 F.3d at 723 (5th Cir. 2002).

When removal is based on diversity jurisdiction, two requirements must be met. 28 U.S.C. § 1332. First, the amount-in-controversy must exceed $75,000. *Id.* Second, there must be complete diversity between all plaintiffs and all defendants so that the citizenship of all persons on one side of the controversy differs from that of all persons on the other side. *Id.* A court determines if complete diversity existed both when the action was filed in the state court and when the case was removed to federal court. *Ashford v. Aeroframe Servs., L.L.C.*, 907 F.3d 385, 386-87 (5th Cir. 2018); *see also Stevens v. Nichols*, 130 U.S. 230, 231-32, 9 S. Ct. 518, 32 L. Ed. 914 (1889); Wright & Miller, *Fed. Prac. & Proc*. § 3723 & n.16 (4th ed.).

The record shows that Randall's Food & Drug LP is a Delaware limited partnership with its principal place of business in Pleasanton, California. The record includes excerpts from the Texas Secretary of State showing the business listing of Randall's Food & Drugs, L.P. The listing states a principal place of business in Pleasanton, California and the state of incorporation as Delaware. (Docket Entry No. 3-4 at 2).

Randall's Food & Drug LP's sole general partner is Randall's Food Markets, Inc. (Docket Entry No. 3-4 at 4). The listing for Randall's Food Markets, Inc. states that the principal place of business of Randall's Food Markets, Inc. is in Pleasanton, California and that it is incorporated in

Delaware. (Docket Entry No. 3-5 at 2). This makes Randall's Food Markets, Inc., a Delaware corporation with its principal place of business in Pleasanton, California.

Flores did not allege the principal place of business or state of incorporation for Randall's Food & Drug LP's sole limited partner, Randalls Investments, Inc. Randall's Food & Drug LP asserts that like Randall's Food & Drug LP, and like Randall's Food Market, Inc., Randalls Investments, Inc. is a Delaware corporation with its principal place of business in Pleasanton, California. (Docket Entry No. 4 at 4).

Randall's Food & Drug LP also submitted a certification from an in-house lawyer for Albertsons Companies, Inc., which is the parent company of its wholly owned subsidiary, Randall's Food & Drug LP. (Docket Entry No. 4-1). The certification stated as follows:

> • Randalls Food & Drug LP is a Delaware limited partnership with its principal place of business in Pleasanton, California.
> • Randalls Food & Drug LP's sole general partner is Randall's Food Markets, Inc., a Delaware corporation.
> • Randalls Food & Drug LP's sole limited partner is Randall's Investments, Inc., a Delaware corporation.
> • Randall's Food Markets, Inc. and Randall's Investments, Inc. have each identified Pleasanton, California as their principal place of business.

(*Id*. at 2).

The plaintiffs argue, based on dated articles and other sources, that Randall's Food & Drug LP's management is based in Texas. (Docket Entry No. 3 at 7). The state of incorporation and the principal place of business of the limited partnership, as opposed to that of the limited partners, are not determinative. *See Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008). ("The citizenship of a limited partnership is based upon the citizenship of each of its partners."); *Weitz Co., LLC v. Strong Structural Steel, Ltd*., 2021 WL 1427719, at *2 (S.D. Tex. April 15, 2021). The state of incorporation and the principal place of business of Randall's Food & Drugs,

3

LP is the same as the state of incorporation and the principal place of business of the limited partners. The citizenship of Randall's Food & Drugs, LP is determined by the citizenship of the members of the limited partnership. Both members are Delaware corporations with their principal place of business in California. The record establishes that none of the partners is a Texas citizen.

The record shows diversity of citizenship between the plaintiffs, Texas citizens, and Randall's Food & Drug LP. The requirements for removal have been met.

The motion to remand is denied. (Docket Entry No. 3).

SIGNED on April 7, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge