United States District Court
Southern District of Texas
**ENTERED**
August 31, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ARTURO FLORES, et al. | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. H-25-24 |
| | § | |
| RANDALL'S FOOD & DRUGS, LP, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Arturo Flores worked for Randall's Food & Drugs LP for 17 years, beginning in 2007. (Docket Entry No. 1-1 at 6; Docket Entry No. 35 at 1). In 2012, he was promoted to maintenance lead at Randall's distribution center. (Docket Entry No. 35 at 5). From 2012 to 2024, Flores cleaned the banana-ripening rooms. (Docket Entry No. 34 at 4). During these years, Randall's used ethylene to ripen the bananas in the rooms. (Docket Entry No. 35 at 5). Flores alleges that Randall's did not sample or monitor the air in the ripening rooms, did not give him a respirator, and did not train him on the risks of prolonged ethylene exposure. (*Id.*; Docket Entry No. 1-1 at 6–7). In late 2020, Flores developed back pain. (Docket Entry No. 35 at 5). He was diagnosed with multiple myeloma in April 2021. (*Id.*).

Flores alleges that he first learned of a possible link between multiple myeloma and workplace exposures to ethylene around June 2024, when he was doing internet research. (Docket Entry No. 35-1 at 16). He alleges that "[d]espite speaking with his medical providers, his sister (a nurse practitioner), and his coworkers regarding his disease, none of them provided any information suggesting his cancer was due to chemical exposure at work." (Docket Entry 35 at

10; *see* Docket Entry No. 35-1 at 16). He alleges that before 2024, he did not know, and could not reasonably have known, of that causal link. (*See* Docket Entry No. 35 at 6).

Flores filed this suit in December 2024, asserting claims for negligence, gross negligence, and vicarious liability. (Docket Entry No. 1-1 at 7–10). Randall's asserted the Texas two-year statute of limitations as an affirmative defense and moved for summary judgment on that basis. (Docket Entry No. 33). Flores moved for leave to amend. (Docket Entry No. 34).

Without the discovery rule, the statute of limitations would bar Flores's claims. (*See* Docket Entry No. 33). The issue is whether the discovery rule sufficiently tolled limitations and allows Flores's claims to proceed. (*See* Docket Entry Nos. 33, 35, 37). At the summary-judgment stage, the court concludes that it did.

Based on the pleadings, the motions, the record, and the applicable law, the court grants Flores's motion for leave to amend, (Docket Entry No. 34), and denies Randall's summary-judgment motion, (Docket Entry No. 33).

## I. The Legal Standard

### A. Summary Judgment

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir. 2022) (quoting FED. R. CIV. P. 56(a)). "A fact is material if it 'might affect the outcome of the suit.'" *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019), *as revised* (Jan. 25, 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). When considering a motion for summary judgment, the

court "must consider all facts and evidence in the light most favorable to the nonmoving party" and "must draw all reasonable inferences in favor of the nonmoving party." *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion" and pointing to record evidence demonstrating that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also* FED. R. CIV. P. 56(c). "When 'the non-movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is a dispute of material fact warranting trial.'" *MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration adopted) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)).

"Once the moving party has initially shown that there is an absence of evidence to support the non-moving party's cause, the non-movant must come forward with specific facts showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quotation marks and quoting reference omitted). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 368 (5th Cir. 2021) (quotation marks and quoting reference omitted). Rather, the nonmovant "must identify specific evidence in the record and articulate the precise manner in which that evidence supports [its] claim." *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (alteration adopted) (quotation marks and quoting reference omitted).

The movant is entitled to judgment as a matter of law when "the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Celotex Corp.*, 477 U.S. at 323. But "[i]f 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson*, 477 U.S. at 250).

**B. The Discovery Rule**

"A plaintiff must commence a suit for personal injuries within two years after the day the cause of action accrues." *Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex. 1993) (citing TEX. CIV. PRAC. & REM. CODE § 16.003(a)); *Accrues*, BLACK'S LAW DICTIONARY 22 (8th ed. 2004) ("To come into existence as an enforceable claim or right."). Ordinarily, "a cause of action accrues when a wrongful act causes an injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur." *Childs*, 974 S.W.2d at 36 (citation omitted). There are "rare cases when 'the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable.'" *Id.* (citation omitted). In such cases, courts "apply a judicially-crafted exception to the general rule of accrual, known as the discovery rule." *Id.* at 36–37 (citations omitted).

In *Childs* and *Humble Sand & Gravel v. Martinez*, the Supreme Court of Texas "address[ed] the correct formulation and application of the discovery rule in the latent occupational disease context." *Id.* at 36. Both cases primarily dealt with "the occupational disease known as silicosis," which "results from 'occupational exposure to and inhalation of silica dust over a period of years' and is 'characterized by a slowly progressive fibrosis of the lungs.'" *Id.* at 34 (citations omitted). The present case involves multiple myeloma. (Docket Entry No. 35 at 5). All three

cases raise the same core legal question: how to apply the discovery rule in the context of latent occupational diseases. *See Childs*, 974 S.W.2d at 33–47; (Docket Entry Nos. 33, 35, 37).

In such cases, the Texas Supreme Court has held that "a cause of action accrues whenever a plaintiff's symptoms manifest themselves to a degree or for a duration that would put a reasonable person on notice that he or she suffers from some injury and he or she knows, or in the exercise of reasonable diligence should have known, that the injury is likely work-related." *Childs*, 974 S.W.2d at 31; *see also Bates v. Eastman Chem. Co.*, No. 2:25-CV-00930-JRG, 2026 WL 1879949, at *3 (E.D. Tex. June 30, 2026) ("Texas courts have acknowledged that 'the value of requiring plaintiffs to bring a claim within a fixed period of time may be outweighed in some latent injury cases by the inequity of depriving a reasonably diligent plaintiff of an opportunity to seek redress at all, as well as the desirability of deterring uneconomical anticipatory lawsuits.'" (quoting *Childs*, 974 S.W.2d at 39)).

**II. Analysis**

In the present case, the summary-judgment record makes clear that the first part of the discovery rule is met—Flores suffered the type of latent disease whose "evidence of injury is objectively verifiable." *See Childs*, 974 S.W.2d at 36; (Docket Entry No. 35 at 2 (noting that his "myeloma is confirmed by imaging and bone-marrow biopsy"); Docket Entry No. 35-1 at 23–76 (discussing the extensive bone-marrow exam results)). In fact, Flores was exposed to ethylene beginning in 2012; he experienced back pain in late 2020; and he was diagnosed with multiple myeloma in April 2021. (Docket Entry No. 1-1 at 6–7; Docket Entry No. 34 at 4; Docket Entry No. 35 at 5).

Flores has presented competent summary-judgment evidence that, before June 2024, no one, including any medical professional, told him that there was a potential link between his

workplace ethylene exposure and multiple myeloma. (*See* Docket Entry 35 at 10; Docket Entry No. 35-1 at 16). He has also presented evidence that he first discovered the potential link in June 2024, when he was doing internet research and found myeloma-related articles. (Docket Entry No. 35-1 at 16). About six months after that discovery, Flores filed suit. (*See* Docket Entry No. 1-1 at 7–10). At the summary-judgment stage, the court must take this competent evidence as true and draw "all reasonable inferences and doubts" in favor of the non-movant, Flores. *See Childs*, 974 S.W.2d at 44.

**A. Waiver**

Randall's argues that Flores "waived" the discovery rule by not adequately pleading it. (Docket Entry No. 33 at 9–10). Randall's argument is unavailing. The Fifth Circuit has noted that "[w]hile Texas state procedures may require specific reference to the discovery rule in pleadings, 'federal law governs the pleading requirements of a case in federal court.'" *TIG Ins. Co. v. Aon Re, Inc.*, 521 F.3d 351, 357 (5th Cir. 2008) (citations omitted); *see also id.* ("The discovery rule need not be specifically pleaded in federal court."). Flores "plead[ed] sufficient facts to put [Randall's] on notice of the theories on which the complaint is based." *See id.* (discussing how notice pleading is sufficient under Rule 8 of the Federal Rules of Civil Procedure); *see also Brandau v. Howmedica Osteonics Corp.*, 439 F. App'x 317, 320 (5th Cir. 2011) (per curiam) ("The facts pleaded by [the plaintiff]—that she did not start to experience pain until three months after her surgery and did not receive a tentative diagnosis until September 2008—gave [the defendant] sufficient notice that [the plaintiff] might assert that the discovery rule applies.").

For example, Flores alleged—in his original petition available at the time of removal—that "[t]he causal link between Plaintiff's cancer diagnosis and the chronic workplace exposure was not discoverable until, at the soonest, on or about June 01, 2024." (Docket Entry No. 1-1 at 6, ¶

10). Three days after Randall's had affirmatively invoked the limitations defense in its summary-judgment motion, and after discovery had brought additional facts to bear on the discovery rule, Flores filed a motion for leave to amend to invoke more clearly the discovery rule. (Docket Entry Nos. 33, 34, 34-1). The proposed amended complaint, just as the original petition, provides Randall's sufficient notice that Flores "might assert that the discovery rule applies." *See Brandau*, 439 F. App'x at 320; *TIG Ins. Co*, 521 F.3d at 357; (Docket Entry No. 34-1). In short, Flores did not "waive[]" invocation of the discovery rule. (*Contra* Docket Entry No. 33 at 9–10).

**B. Leave to Amend**

Randall's posits that leave to amend to file the first amended complaint should not be granted. (Docket Entry No. 36). Randall's argument is unpersuasive. "The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); *accord Mayeaux v. Louisiana Health Serv. and Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (noting that Rule 15(a) "evinces a bias in favor of granting leave to amend"); *see also Brown v. DFS Servs., L.L.C.*, 434 F. App'x 347, 352 (5th Cir. 2011) ("[L]eave to amend is liberally granted.").

Flores has not unduly delayed. He moved for leave to amend three days after Randall's first asserted the limitations defense in its summary-judgment motion. (Docket Entry Nos. 33, 34). The court credits Flores's argument that the amended complaint was filed out of an abundance of caution because Randall's asserted that Flores had improperly alleged that the link between his cancer and workplace conditions did not occur until June 2024. (Docket Entry Nos. 34, 36). The amended complaint does not unduly prejudice Randall's, who knew about the alleged June 2024 discovery date from Flores's' original petition, "conducted discovery on the causation timeline, [and] submitted expert reports addressing it." (Docket Entry No. 34). The motion for leave to amend is granted. (*Id.*).

### C. The Discovery Rule

#### 1. Objectively Verifiable

Randall's also conjures that the discovery rule does not apply because Flores's multiple myeloma is not objectively verifiable. (Docket Entry No. 33, ¶¶ 25, 29). The court disagrees. The disease is objectively verifiable. *See Childs*, 974 S.W.2d at 36; (Docket Entry No. 35 at 2; Docket Entry No. 35-1). The causal mechanism is disputed, but the diagnosis is not. (*Compare* Docket Entry No. 33, ¶¶ 25–29, *with* Docket Entry No. 35 at 16–19). The dispute over causation precludes summary judgment on Flores's claim that his workplace exposure to ethylene resulted in his disease. *See id.*; *Sanchez v. Young County*, 956 F.3d at 791. But that dispute does not extend to whether Flores has this type of cancer. (*See* Docket Entry No. 35 at 2; Docket Entry No. 35-1 at 23–76). He does. (*See id.*). Flores's multiple myeloma is an objectively verifiable injury. *See Childs*, 974 S.W.2d at 36; (Docket Entry No. 35 at 16–19). The court applies the "exception to the general rule of accrual," "the discovery rule." *See Childs*, 974 S.W.2d at 36–37 (citations omitted).

#### 2. The Statute-of-Limitations Affirmative Defense

A summary-judgment defendant asserting a statute-of-limitations affirmative defense "has the burden to conclusively establish that defense." *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999) (citation omitted). "Thus, the defendant must (1) conclusively prove when the cause of action accrued, *and* (2) negate the discovery rule, if it applies and has been pleaded or otherwise raised, by proving as a matter of law that there is no genuine issue of material fact about when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered the nature of its injury." *Id.* (emphasis added; citations omitted); *see also United States v. Texas*, 181 F.4th 548, 556 (5th Cir. 2026) ("'[A]nd' requires both elements be

present . . . ." (citing *United States v. Palomares*, 52 F.4th 640, 643 (5th Cir. 2022) (noting that the "ordinary meaning of 'and' . . . is conjunctive"))).

"If the movant establishes that the statute of limitations bars the action, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations." *KPMG Peat Marwick*, 988 S.W.2d at 748 (citation omitted). But "the commencement of the limitations period may be determined as a matter of law if reasonable minds could not differ about the conclusion to be drawn from the facts in the record." *Childs*, 974 S.W.2d at 44 (citation omitted). Nevertheless, "[i]n conducting [the] review, all evidence favorable to [non-moving parties] must be taken as true, and all reasonable inferences and doubts must be resolved in their favor." *Id.* (citation omitted).

Randall's has failed to meet its burden in "conclusively establish[ing]" the "statute-of-limitations affirmative defense." *See KPMG Peat Marwick*, 988 S.W.2d at 748; (*contra* Docket Entry No. 33). First, Randall's has not "conclusively prove[n] when the cause of action accrued." *See KPMG Peat Marwick*, 988 S.W.2d at 748. Randall's claims that "[Flores]'s causes of action would have begun to accrue in 2012 and limitations would have run two years later in 2014." (Docket Entry No. 33, ¶ 19). But Randall's analysis is inconsistent with the discovery rule because the first-exposure date, standing alone, is insufficient to start the accrual clock in latent occupational disease cases. *See Childs*, 974 S.W.2d at 31.

Alternatively, Randall's theorizes that "[t]he real and admissible evidence, however, clearly demonstrates that even if the discovery rule applies, the absolute latest that [Flores] could have filed suit was April 8, 2023[.]" (Docket Entry No. 33, ¶ 20). But Randall's, the defendant, has the burden of "conclusively *prov*[*ing*] when the cause of action accrued." *See KPMG Peat Marwick*, 988 S.W.2d at 748 (emphasis added). Put another way, Randall's must apply the *Childs*

framework and show its detailed work on how it arrived at the April 2023 date. *See id.* But Randall's has failed to do so. (Docket Entry No. 33, ¶¶ 16–29).

To get Randall's past the summary-judgment finish line, two logical leaps are required. The record does not support either one. First, because Randall's has not done so, (*id.*), the court would have to apply the *Childs* framework and conclude that Flores's symptoms had sufficiently manifested themselves, or that Flores knew, or a reasonable person would be on notice, that his condition was likely work-related. *See* 974 S.W.2d at 31. But aside from merely noting Flores' back pains "as early as 2020" and Flores's "formal[] diagnos[is] with multiple myeloma" in April 2021, Randall's does not meaningfully engage with the *Childs* inquiry, even in its alternative arguments. *See id.*; (Docket Entry No. 33, ¶¶ 16–29). Second, the court would have to invert the summary-judgment standard and resolve factual disputes in the movant's, in this case Randall's, favor. *Cf KPMG Peat Marwick*, 988 S.W.2d at 748. That leap is impermissible. *See Childs*, 974 S.W.2d at 44 (collecting cases) ("Inquires involving the discovery rule usually entail questions for the trier of fact.").

This court applies the correct summary-judgment standard and draws reasonable inferences in Flores's favor. *See KPMG Peat Marwick*, 988 S.W.2d at 748. That analysis shows that applying the discovery rule, the limitations period did not begin to run until June 2024, when Flores knew not only that he had multiple myeloma, but also that it was likely work-related. *See id.*; (Docket Entry No. 35-1 at 16). To be sure, Randall's could have prevailed on its summary-judgment motion if it had "conclusively" proved that the undisputed facts showed that, as a matter of law, the cause of action accrued before December 2022. *See KPMG Peat Marwick*, 988 S.W.2d at 748; (Docket Entry No. 1-1 at 7–10). The record does not support this conclusion. (*See* Docket Entry No. 33, ¶¶ 16–29).

Nor has Randall's negated the discovery rule. *See KPMG Peat Marwick*, 988 S.W.2d at 748. There is competent summary judgment evidence that Flores did not know, and could not reasonably have known, that his multiple myeloma, diagnosed in April 2021, was causally related to his workplace conditions. (Docket Entry 35 at 10; *see* Docket Entry No. 35-1 at 16). The summary-judgment evidence does not show that, as a matter of law, Flores should have discovered the injury *and* its causal link to his workplace conditions, by his April 2021 diagnosis date, or in any event, before December 2022. (*See id.*). Flores has presented competent summary-judgment evidence to prevent resolution "as a matter of law" because "reasonable minds could . . . differ about the conclusion[s] to be drawn from the facts in the record." *See Childs*, 974 S.W.2d at 44. On the present record, Flores's lawsuit is not barred by limitations.

## III. Conclusion

The motion for leave to amend, (Docket Entry No. 34), is granted. The motion for summary judgment, (Docket Entry No. 33), is denied.

SIGNED on August 31, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge